IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-52-JPG |
| | ) |
| DONALD HULICK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 12) a portion of the Court's Memorandum and Order dated July 7, 2010 (Doc. 6), denying Plaintiff's motion to appoint counsel without prejudice.

In the prior Memorandum and Order (Doc. 6), this Court stated:

> There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel (Doc.3) will be denied without prejudice.

In his motion to reconsider (Doc. 12), Plaintiff lists the attorneys who he has contacted about representing him, but states none will agree to take his case.

In the prior Memorandum and Order (Doc. 6) the Court did not address the second step of the inquiry. With regard to the second step of the inquiry,"the difficulty of the case is

considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand."*Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007); *see also Santiago v. Walls*, 599 F.3d at 762-64.  At this point in time, it is difficult for the Court to assess this factor.  *See Romanelli v. Suliene*, __ F.3d __, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case).  This case is still in its early stages.  Defendants only recently filed their answer to the complaint.  Plaintiff's claim does not appear to be factually complex.  Briefly, he claims that he is confined in a prison whose conditions violate the Eighth Amendment.   From a legal standpoint, the litigation of any constitutional claim falls in the range of complex.  Nevertheless, Plaintiff's complaint  adequately articulates his claim and his motions are comprehensible and evidence an understanding of the litigation process.  Future developments may change the Court's mind on whether counsel should be appointed or not.  At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case.  Therefore, Plaintiff's motion for reconsideration  (Doc. 12) is **DENIED**, without prejudice.

    **IT IS SO ORDERED.**

    Dated: September 24, 2010.

                                                         s/ J. Phil Gilbert
                                                         **U. S. District Judge**