UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MUNSON,

    Plaintiff,

v.

DONALD HULICK, *et al.*,

    Defendants.

Case No. 10-cv-52-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 36) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff James Munson's motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") (Doc. 34). Munson objects to the Report (Doc. 38).

### I.    Report and Recommendation Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### II.    Background

Munson, an inmate at Menard Correctional Center, filed this lawsuit complaining of various conditions of confinement while he was housed in the North I cell house. He claims the defendants knew of and failed to correct those conditions and that, as a consequence, they have violated his Eighth Amendment right to be free from cruel and unusual punishment.

Munson's motion for a TRO and PI seeks an order requiring the Menard administration (presumably the current warden, who is not a party to this case) to transfer him from his current housing assignment in North II cell block to the "South Uppers" because the conditions in North II are also harmful.

**III.     Report and Objection**

The Report finds that Munson has failed to show a reasonable likelihood of success on the merits of his claim in this case (regarding North I cell block) and that he has an adequate remedy at law – another lawsuit – about the claims regarding the North II cell block.  It further finds the relief Munson seeks is not narrowly drawn, extends further than necessary to correct a federal rights violation or is not the least intrusive means to correct the violation, as required by 18 U.S.C. § 3626.  It recommends the Court deny Munson's motion without prejudice to his right to seek relief in a separate lawsuit against the appropriate defendant responsible for his exposure to the conditions in the North II cell block.

Munson argues in his objection that the wardens at Menard change too frequently for him to be able to exhaust his administrative remedies against the warden in charge at the time of his housing in the North II cell block and then to file suit against him if his grievance produces no satisfactory results.  While this may be true, it does not demonstrate Munson has a reasonable likelihood of success on the merits of the claim he brings in this case (regarding North I cell block).

Munson's objection also indicates he is back in the North I cell block.  This renders his request to be transferred from the North II cell block moot.  Munson believes, however, that he may be moved back to the North II cell block at any time.  He invokes the "capable of repetition, yet evading review" exception to the mootness doctrine to argue that the Court should award

injunctive relief at this time. This exception to a case's mootness applies when "(1) the named plaintiff had a personal stake in the outcome of the controversy at the outset of the lawsuit; and (2) the claim may arise again with respect to that plaintiff." *Davis v. Ball Mem'l Hosp. Ass'n.*, 753 F.2d 1410, 1416-17 (7th Cir. 1985). Munson's claim regarding the conditions in the North I cell block is capable of review in this very litigation, and his claim regarding the conditions in the North II cell block is capable of review if he files another lawsuit raising that claim. Therefore, the "capable of repetition, yet evading review" exception does not apply. Furthermore, Munson has not demonstrated that the legal processes available to him are inadequate or that he will suffer irreparable harm while awaiting completion of those processes.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report (Doc. 36) as **SUPPLEMENTED** by this order and **DENIES** Munson's motion for a TRO and PI (Doc. 34) **without prejudice**.

**IT IS SO ORDERED.**
**DATED: March 22, 2011**

>                               s/ J. Phil Gilbert
>                               **J. PHIL GILBERT**
>                               **DISTRICT JUDGE**