IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MUNSON,

        Plaintiff,

    vs.

DONALD HULICK, DONALD GAETZ,
ROGER W. WALKER, JR., MICHAEL P.
RANDLE, DAVID REDNOUR and
SALVADOR A. GODINEZ,

        Defendants.

Case No. 10-cv-52-SMY

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 144) of Magistrate Judge Philip M. Frazier recommending this Court grant Defendants' Motion for Summary Judgment (Doc. 118). Munson's *pro bono* counsel deemed it unnecessary to file an objection to the R & R.[1] Munson, however, did file a *pro se* Motion for Reconsideration (Doc. 146), and Defendants filed a Motion to Strike (Doc. 147) Munson's *pro se* motion to the extent he objects to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

[1] The Court expresses its gratitude to Rebecca M. Christianson and Kevin Fritz for their *pro bono* legal services to Munson.

First, the Court will consider Munson's motion for reconsideration in which he contends the Court should compel counsel to file an objection to the R & R.  Counsel had no obligation to object, and as counsel explained in her letter to Munson, after reviewing the case she believed she would violate her ethical duty to the Court if she filed a frivolous objection.  As such, the Court denies Munson's motion to the extent Munson seeks an order from this Court ordering counsel to object.

Munson further asserts that had counsel obtained expert testimony he could have established the objective element of his Eighth Amendment claim.  Defendants filed a Motion to Strike this portion of Munson's motion.  Even if Munson had timely filed an objection and the Court deemed it appropriate to consider his *pro se* motion, it would not save his case from summary judgment.  In addition to failing to provide evidence to support the objective element, Magistrate Judge Frazier concluded there was insufficient evidence to support the subjective element of Munson's Eighth Amendment claim.  *See Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (a plaintiff "must satisfy a test that involves both a subjective and objective component" to establish a violation of the Eighth Amendment prohibition against cruel and unusual punishment).  Munson did not object to Magistrate Judge Frazier's finding regarding the subjective element of Munson's claim.  As such, even if experts could have helped Munson prove the objective element as he suggests, his claim still would have failed on the subjective element.  The Court accordingly denies Munson's Motion for Reconsideration (Doc. 146) and denies Defendants' Motion to Strike (Doc. 147) as moot.

In light of the foregoing, the Court has reviewed the entire file and finds that the R & R is not clearly erroneous.  The Court thus adopts the R & R in its entirety.

In sum, the Court:

- **DENIES** Munson's Motion to Reconsider (Doc. 146);

- **DENIES as moot** Defendants' Motion to Strike (Doc. 147) Munson's Motion to Reconsider;

- **ADOPTS** the R & R (Doc. 144);

- **GRANTS** Defendants' Motion for Summary Judgment (Doc. 118); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 14, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
